| | |
|---|---|
| GEORGIA PESTANA<br>Acting Corp. Counsel, City of New York<br>Attorney for City of New York<br>Of Counsel: Hugh H. Shull III (HS-0236)<br>100 Church Street, Room 5-233<br>New York, New York 10007<br>(212) 356-2138<br>hughs@law.nyc.gov | Hearing Date and Time:<br>October 17, 2019 @ 3:00 p.m. |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:

1516 BEDFORD AVENUE HOUSING
DEVELOPMENT FUND CORPORATION,

      Debtor.

-------------------------------------------------------X

Chapter 7

Case No. 18-45044-nhl

## BRIEF OF THE CITY OF NEW YORK IN FURTHER
## SUPPORT OF ITS MOTION FOR STAY RELIEF AND IN FURTHER
## OPPOSITION TO THE TRUSTEE'S MOTION TO SELL REAL PROPERTY

    The City of New York (the "City"), by its attorney, GEORGIA PESTANA, Acting Corporation Counsel of the City of New York, as and for its brief in further support of its Motion for Stay Relief [Doc No. 11] and in further opposition to the Trustee's Motion to Sell Real Property [Docket No. 14], respectfully states:

    1.  At the most recent hearing held on the Motions held on August 7, 2019, the Court referred the parties to its decision denying the sale motion in In re C.T. Walker Housing Development Fund Corporation[1], and directed the parties to file simultaneous briefs on

---

[1] Index No. 16-43014. The order denying the sale motion is Docket Number 54 and refers to the so ordered record of the hearing on the motion. The transcript of the decision is at Docket Number 55 and 69 in the C.T. Walker case (the "Decision"). The order was upheld by the United States District Court for the Eastern District of New York District Court. A copy of the District Court's Memorandum and Order is at Docket Number 105 in the related bankruptcy case of In re 181 West 135th LLC, Index No. 16-41960 (the "District Court Decision").

the issue of whether or not the Property[2] is property of the bankruptcy estate under §541 of the Bankruptcy Code and thus whether the Property can be sold under Bankruptcy Code §363.

**The Property is Not Property of the Estate**

2. The City submits that the Property is not property of the estate and, regardless, cannot be sold under §363.

3. Under §541(a)(1) of the Bankruptcy Code, the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." As cited in the Decision, "It is well-established that under New York law, a Debtor's right of redemption of and interest in real property is extinguished by a foreclosure sale, whether or not the deed has been delivered." Decision p. 6, lines 2-7, Citing In re Ceratto 504 B.R. 23, 30-31 (Bankr. E.D.N.Y. 2014).

4. In re Rodgers at 333 F.3d 64 (2d Cir. 2003) states: "Under New York Law, a tax foreclosure sale occurs when the property is struck down at auction, rather than when the deed is conveyed to the purchaser, and this sale extinguishes the debtor's interest in the property unless the right to redeem exists. The debtor's right to redeem expired, at the latest, at the conclusion of the auction." Rodgers 333 F3d 64, 66-67.

5. Thus, "under New York law, once the ability to redeem has been lost pre-petition, the foreclosed property sold at public sale is no longer property of the estate for purposes of §541." Id. at 68.

6. As City has argued herein, in a modified in rem proceeding as in the case at hand, the expiration of the Mandatory Redemption Period is akin to the fall of the hammer

---

[2] The Property is known as 1516 Bedford Avenue, Brooklyn, New York, Block 1252, Lot 80.

2

(i.e., when the property is "struck down") at a foreclosure auction sale, whether for a mortgage or a tax foreclosure, with respect to the right of redemption being terminated.

7. Indeed, in Rodgers it is the termination of the right of redemption, which happens before the execution of the deed, which renders the foreclosed property not property of an estate subject to the automatic stay. "…[T]he recording of the deed extinguishes any interest retained by others and authorizes the grant of fee title, <u>it does not extend or recreate any previously expired redemption rights.</u>" Rodgers, *supra*, at p. 67.

8. As this Court stated in the Decision, the Rodgers court found that mere possession of title was insufficient to bring the property into the estate and the possession of title was only incidental to its delivery. Decision p. 6 Lines 20-22.

9. "A party aggrieved by the foreclosure has four months after judgment in which to redeem the property by settling the delinquency in full with the Commissioner of Finance (Administrative Code of the City of New York § 11-412.1[d]). After expiration of the redemption period, the Commissioner has an additional four-month window in which to transfer the property (§ 11-412.1[c])…" O'Bryan v. Stark 909 NYS 2d 427, 428 (transfer timely when mandatory redemption period expired and City transferred within 4 month transfer period including 45 day toll for City Council review of proposed transfer under §11-412.2).

10. Bare legal title, or some incident of ownership, is insufficient, in the context of the City's in rem foreclosure actions, to warrant continued protection of the stay. As has been stated by bankruptcy court's interpreting this very same statute at issue herein, 11-412.1 of the NYC Administrative Code, "Once the redemption period expires, the property is no longer subject to the protections typically afforded by the automatic stay." In re 51-53 West 129th Street

HDFC, Inc., 475 B.R. 391, 395 (Bankr. SDNY 2012), citing In re Sadie Haynes, 283 BR 147, 154, 156 (Bankr SDNY 2002).  See also 652 W 160th Street *infra*.

11. In Haynes the court stated, "Section 11-412.1 of the New York City Administrative Code authorizes the City of New York to foreclose by way of an in rem action against those properties which are delinquent in tax payments. …If a final judgment is entered in favor of the City, a Mandatory Period begins to run pursuant to § 11-412.1(d).  The Mandatory Period lasts four (4) months during which "*any* person claiming to have an interest in such parcel shall have the right to make a payment to the commissioner of finance consisting of all taxes, assessments, and other legal charges owed on such parcel…Following the expiration of the Mandatory Period without payment, the commissioner of finance may execute a deed conveying the foreclosed property to the City or a qualified third party.  Admin. Code § 11-41.2(c).  In re Haynes 283 BR 147, 155

12. "If as of the date of filing, the right of redemption has already expired, there is nothing to be included in the bankruptcy estate and there is no right to be protected by the automatic stay."  *Id*.  In Canney v Merchants Bank (In re Frazier), the Second Circuit held that under § 108(b) of the Bankruptcy Code the redemption period is not tolled by the automatic stay but, if it had not already expired pre-petition, the redemption period would be the greater of the normal expiration of the redemption period, or sixty (60) days from the bankruptcy filing date.  Canney 284 F.3d 362 (2nd Cir. 2002).  Thus a redemption period which might otherwise expire within the first 59 days of a bankruptcy filing would be extended to the 60th day after the filing.  But such redemption period is not tolled by the automatic stay, and thus a party cannot redeem beyond the period specified as potentially extended by 108(b), if not already expired.  Id, In re 652 West 160th Street, 330 BR 455, 464 (Bankr. SDNY 2005); citing Canney v Merchants Bank

(In re Frazier), 284, F.3d 362, 372-373 (2d Cir 2002)(108(b) limits the tolling period to at most the expiration of the period under non-bankruptcy law or 60 days from filing, and §362 does not toll the period to redeem); In re 210 Roebling, LLC  336 BR 172 (Bankr EDNY 2005)(the right to redeem, if it existed at time of filing, expires the later of the normal redemption period, or 60 days from filing, and court cannot extend period under § 105 absent fraud or mistake).

13.     Based on the foregoing, the City submits that the property did not become property of the estate because the redemption right had already expired prior to the bankruptcy filing.

**Even if Property of the Estate, Expiration of**
**Redemption Right Means Property Cannot be Sold**

14.     The City submits that even if the Court determines that the Property is Property of the estate, the expiration of the redemption period means it cannot be sold, since a sale would in effect allow untimely redemption.

15.     11-412.1(c) provides that the Commissioner of Finance can execute a deed to the foreclosed parcel after expiration of the fourth month redemption period, but no later than 8 months after the judgment (plus a toll of 45 days for City Council review).  The section goes on to provide, and the Foreclosure Judgment echoes, that: "The owner of said parcel shall continue to have all of the rights, liabilities, duties and obligations of an owner of such parcel, including but not limited to, maintaining such parcel in compliance with the housing maintenance, building and fire codes, and all other applicable laws, unless and until the commissioner of finance has prepared and executed a deed conveying to the city or to a third party full and complete title to such parcel.  Upon the execution of such deed the city or the third party shall be seized of an estate in fee simple absolute in such land and all persons, including

the State of New York, infants, incompetents, absentees and non-residents who may have had any right title interest, claim, lien or equity of redemption in or upon such lands shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption, except as otherwise provided in subdivisions e and f of this section." Admin. Code 11-412.1(c).

16. The City submits such language does not distinguish the case from Rodgers or other case law pertaining to foreclosures which take place via auction sale, and their effect on whether the property is property of the estate, or subject to full protection of the . automatic stay  The language of the section does not say that, until the commissioner of finance executes the deed, the owner "remains", "continue to be" or "is still the owner". Rather, it talks about the rights, but mostly the continued responsibilities. "of" an owner.  The language of the section is mostly focused on the obligations to maintain the parcel in accordance with the law, subject to fire, housing, building and safety codes, until the City executes the deed.  While it also says "rights", all of these rights can be eliminated by the simple timely execution of a deed. Any sale of the Property would be subject to the in rem judgment, so in effect there is no marketable title.

17, As stated in Haynes, "if, as the date of the filing, the right of redemption has already expired, there is nothing to be included in the bankruptcy estate and there is no right to be protected under the automatic stay." Haynes, *supra* at 155.  A possessory interest, or bare title, is a mere scintilla of an interest insufficient to warrant continued stay protection. Id. The fact that the statute assures that the owner cannot simply abrogate its obligations under safety laws until the City has been able to effectuate transfer, so the 3rd party transferee can become owner and responsible for its maintenance, would simply eliminate the administrative period for transfer provided to the City by the statute once the redemption period expires.

18. "Once the redemption period expires, the property is no longer subject to the protections typically afforded by the automatic stay." In re 51-53 West 129th Street HDFC, Inc., 475 B.R. 391, 395 (Bankr. SDNY 2012). As other courts have recognized, it is the expiration of the redemption period that is the key event, not the execution of the deed.

19. To allow the Property to be sold under 363 of the Bankruptcy Code would in substance be allowing a post-redemption period redemption of the Property. This is clearly not permitted in the Second Circuit. In Canney it was held that redemption rights cannot be extended beyond the period provided in 108(b), and even then only if not expired pre-bankruptcy. In the case at hand the Foreclosure Judgment was entered on December 14, 2017. The redemption period expired on April 16, 2018 (April 14, 2018, four months after judgment, was a Saturday). The transfer period starts after expiration of the redemption period (four months after judgment is entered) and ends no later than eight months after the judgment is enetred, plus a 45 day toll for City Council review under 11-412.2. The proposed transfer was submitted to City Council on June 6, 2018. City Council did not act by local law to disapprove the transfer and is thus deemed to have approved it under 11-412.2 of the Admin. Code. The transfer period was extended by the 45 day toll.to September 28, 8 months and 45 days post-judgment. The City was prepared to transfer title to Neighborhood Restore Housing Development Fund Corporation on September 6, 2018. The bankruptcy filing was September 4, 2018. More than 4 months after the redemption period ended.

20. Bankruptcy Courts in this Circuit have continued to follow Canney. In Haynes the Court held it could not resuscitate redemption rights that expired pre-petition. In 51-53 West 129th Street HDFC, Inc. the Court likewise held that pre-petition expiration of the redemption period meant it couldn't be revived, and it would not permit a sale of the debtor's

7

property. In In re 652 West 160th Street, 330 BR 455, 464 (Bankr. SDNY 2005), the redemption period expired within the first 60 days of the filing, and thus was extended by operation of 108(b) to the 60th day, but not beyond. Late redemption was not allowed. In the Eastern District, in In re 210 Roebling, LLC 336 BR 172 (Bankr EDNY 2005), the Court held that the right to redeem, if it existed at time of filing, expires the later of the normal redemption period, or 60 days from filing, and court cannot extend period beyond that allowed by 108(b), or under § 105 absent fraud or mistake. In the case at hand, the redemption period can't even be extended 60 days from filing of the bankruptcy, as it had expired over 4 months before the bankruptcy case was even filed.

21. Whatever rights in the Property which came into the estate, if any, it was subject to being eliminated by the stroke of a pen, and case law is clear the redemption rights terminated and can no longer be extended. To allow a sale now would simply be in essence permitting redemption after the deadline expired.

22. Section 363(f) does not allow for the sale of the Property even if it is property of the estate. First, applicable non-bankruptcy law would not allow for the sale of the Property free and clear of the City's interest. It's an in rem judgment which runs with the land. The City does not consent to such a sale. Such interest is not merely a lien for taxes, but a judgment lien allowing transfer of title by the City once the right to redeem expired. To allow sale under 363(f)(3) because the sale may be for more than the taxes owed essentially is allowing late redemption, which isn't permissible. There is no bona fide dispute. To the extent the Debtor is challenging the foreclosure judgment that is not permissible in federal court under Rooker-Feldman. Finally, the City cannot now be compelled in a legal or equitable proceeding to accept payment, since the redemption period expired pursuant to a valid state court judgment.

23.     The Debtor cannot challenge the fact that the Foreclosure Judgment was entered, and thus the redemption period expired, in the Bankruptcy Court. The Rooker-Feldman doctrine applies to precisely such situations, in which state court "losers" in effect seek to have a federal court renounce such judgments, as opposed to pursuing proper state court remedies. *See* Barretta v. Wells Fargo Bank, NA, 693 FedAppx 26, 28 (2d Cir 2017). The doctrine applies where, as here: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment preceded the federal suit. *Id.* The entry of a state judgment authorizing foreclosure and transfer establishes the first factor. *Id.* at 28. That the judgment was by default is of no consequence and does not impede Rooker-Feldman application. Wilson v. Deutsche Bank Nat'l Trus*t*, 410 FedAppx 409, 410 (2d Cir 2011). The complaint that the Property should not be transferred by the City is an alleged monetary injury resulting from the judgment. *See* Redmond v. Bank of NY Mellon Corp., 697 FedAppx 23, 24-25 (2d Cir 2017); Gonzalez v. Deutsche Bank Nat'l Trust Co., 632 FedAppx 32, 33-34 (2d Cir 2016). Additionally, the crux of the Debtor's claim is that the Foreclosure Judgments is defective due to improper service under the staute, a claim that invites review and rejection of the Foreclosure Judgment. *See* Wilson v. Deutsche Bank Nat'l Trust, 410 FedAppx at 410; Desir v. Florida Capital Bank, NA, 2019 USDistLEXIS 74612 at *6-10 (EDNY 2019); Rockwood v. Cenlar *FSB*, 2018 USDistLEXIS 77560 at *7 (SDNY 2018). Finally, the Foreclosure Judgment preceded the filing of the bankruptcy case or any attempt to invalidate the judgment in this court.

24.     For the foregoing reasons, the City submits that even if the Property is deemed property of the estate, the sale should not be permitted. It would in essence permit late redemption once the redemption period has expired.

**Sale Should Not Be Permitted Under 11 USC 363(d)(1)**

25.  The City also submits a sale of the Property should not be permitted under 363(d)(1) of the Bankruptcy Code. Under 363(d)(1), where the debtor is a corporation or trust that is not a moneyed business, corporation or trust, the sale must be in accordance with non-bankruptcy law applicable to transfer of property by such an entity.

26.  In 51-53 West 129th Street HDFC, Inc., the court did not approve a proposed sale by an HDFC, even though the period of specific limitation in the deed had expired. The Property was still subject to the Private Housing Finance Law ("PHFL"). Simply because the Debtor herein is a coop, and organized under the Business Corporation Law, and not a not-for-profit rental under the Not-for-Profit Law, should not distinguish the case. Not-for-Profits must The Foreclosure Judgment seek approval for sales from the Attorney General's office under the Not-for-Profit Law.

28.  Likewise, for HDFC cooperatives, as herein, they cannot simply sell the cooperative property and distribute surplus proceeds to shareholders. Any sale of the property itself would require HPD's approval as supervising agency. The Debtor is not just established as a cooperative under the Business Corporation Law. It was also established pursuant to Article XI of the PHFL. And subject to all applicable provisions thereof. HDFCs are formed "exclusively for the purpose" of developing housing for low-income families. PHFL §573(3)(a); 546 West 156th Street HDFC v. Smalls, 43 A.D.3d 7, 11 (1st Dept. 2007). HPD is the municipal agency charged with representing the City in carrying out, *inter alia*, Article XI of the PHFL. NYC Charter §1802(6)(d).

29.  Article XI contains very specific requirements with regard to HDFCs, which must be included in their certificates of incorporation. Of particular relevance to this matter are the

10

requirements that an HDFC's certificate of incorporation provide that it has been organized exclusively to develop housing projects for persons of low income, PHFL §573(3)(a), that all income and earnings shall be used exclusively for corporate purposes, *id.* §573(3)(b), and that no part of its net income or net earnings shall inure to the benefit or profit of any private individual, firm, corporation or association.

30. This is all set forth State of New York Department of Law Real Estate Finance Bureau Memorandum of July 16, 2015, previously submitted as an Exhibit by the Trustee herein. It is clear therein that the State views the law as requiring HDFC's to obtain HPD's approval. This is true for HDFC's under the Business Corporation Law as well as Not-for-profits. It says any distribution to BCL HDFC shareholders is prohibited by law. This is the view of the HDFC law not just of the City, but also the State Department of Law, and the State Division of Housing and Community Renewal. While individual shareholders may sell shares (and Not-For-Profit corporations don't have shareholders), they can only sell shares to individuals whose income levels qualifies them as buyers of affordable housing.

31. <u>Colliers on Bankruptcy</u> says that a non-moneyed business or trust is generally understood to include not-for-profit corporations. <u>Colliers</u> par 363.04, p. 363-39. The City submits 363(d)(1) should apply here as well. Since profits cannot be distributed to shareholders, and sale requires HPD approval and use of any surplus to further the purpose of affordable housing, the Debtor is in essence a non-moneyed corporation.

32. For all of the reasons set forth herein, the Court should find that the Property is not property of the estate, or, even finds it is property of the estate, sale of the Property should not be permitted under 363(d)(1) and (f).

Dated:   New York, New York
         September 20, 2019

                                    GEORGIA PESTANA
                                    Acting Corp. Counsel City of New York
                                    100 Church Street, Room 5-233
                                    New York, New York 10007
                                    By:   /s/ Hugh Shull          
                                          Hugh H. Shull III (HS-0236)
                                          Assistant Corporation Counsel