**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Jordan D. Weiss, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                                              Chapter 7

1516 BEDFORD AVENUE HOUSING                              Case No.: 18-45044 (NHL)
DEVELOPMENT FUND CORPORATION,

        Debtor.
----------------------------------------------------------------x

## SUPPLEMENTAL BRIEF OF CHAPTER 7 TRUSTEE

Lori Lapin Jones, the Chapter 7 Trustee ("Trustee") of the estate of 1516 Bedford Avenue Housing Development Fund Corporation ("Debtor"), by her undersigned counsel, submits this Supplemental Brief in further support of the Trustee's motion seeking entry of an Order pursuant to sections 105 and 363, of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) authorizing the public auction sale of the Chapter 7 estate's right, title and interest in and to the real property known as, and located at, 1516 Bedford Avenue, Brooklyn, New York 11216 ("Real Property"), free and clear of any and all interests including, but not limited to, monetary liens, claims and encumbrances; and (ii) granting such other and further relief as this Court deems just and proper ("Sale Motion") [Dkt. No. 14], and in opposition to the objection ("City's Objection") [Dkt. No. 18] of the City of New York ("City") to the Motion, and respectfully sets forth as follows:

## PRELIMINARY STATEMENT

As of the Petition Date, the Real Property was property of the Debtor's estate. Indeed, title to the Real Property was and remains in the Debtor's name notwithstanding the City's pre-petition

*in rem* tax foreclosure. Accordingly, this Court has the authority to authorize a sale of the Real Property, free and clear of all interests under section 363(f) of the Bankruptcy Code, including all liens, claims and encumbrances, notwithstanding any purported restrictions on the disposition of the sale proceeds.

**A. The Real Property is Property of the Debtor's Estate and the Court May Order the Sale of the Real Property Free and Clear of all Liens, Claims, and Encumbrances**

1. The Real Property was property of the Debtor's estate as of the Petition Date and remains property of the Debtor's estate.

2. Section 541 of the Bankruptcy Code provides that all legal and equitable interests in property of a debtor become property of that debtor's estate upon the filing of a bankruptcy petition. See 11 U.S.C. § 541(a).

3. Pursuant to section 363(f) of the Bankruptcy Code, "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if" *inter alia* (written in the disjunctive) "such interest is in bona fide dispute . . . ." 11 U.S.C. § 363(f).

4. "A motion to sell a debtor's assets is, at its core, 'a summary proceeding, intended to efficiently review the trustee's or debtor's decision.'" In re Grubb & Ellis Co., No. 12-10685 (MG), 2012 Bankr. LEXIS 1279, at *11 n.4 (Bankr. S.D.N.Y. Mar. 27, 2012) (citing Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

5. This Court has discretion to authorize a sale of property pursuant to section 363(f)(4) of the Bankruptcy Code even if the relevant dispute is with respect to the ownership of the property in question. See In re Eastman Kodak Co., No. 12-10202, 2012 Bankr. LEXIS 2746, at *10 (Bankr. S.D.N.Y. June 15, 2012). In such instances, courts have authorized debtors to sell

such property "under § 363 with the proceeds to be escrowed, awaiting a determination as to [the resolution of the dispute]." See generally Kodak, 2012 Bankr. LEXIS 2746, at *10.

6. *In rem* tax foreclosures in New York City are conducted subject to Chapter 4 of Title 11 of the New York City Administrative Code ("NYC Admin Code"), section 11-401 *et seq.* Specifically, as cited in the City's Objection, section 11-412.1(d) of the NYC Admin Code provides the owner of real property with the right to redeem such property within four months after the entry of a judgment of foreclosure by either paying the tax amounts outstanding, in full, or by entering into a payment plan with the commissioner of finance. See NYC Admin Code section 11-412.1(d).

7. The City argues that the expiration of the four-month redemption period fully divests an owner of all legal and equitable rights to a subject property. Because the four-month redemption period expired prior to the Petition Date, the City contends that the Debtor was divested of its rights to the Real Property pre-petition and that the Real Property is not property of the Debtor's estate. In advancing its argument, the City relies primarily on section 11-412.1(d), selective portions of section 11-412.1(c), and case law that is distinguishable, non-binding and/or incorrectly decided. The City entirely disregards that section 11-412.1(c) of the NYC Admin Code expressly provides for continued ownership past the expiration of the redemption period and through the recording of a deed transferring ownership. See NYC Admin Code § 11-412.1(c). Thus, the City's argument should be rejected by this Court.

8. As set forth in section 11-412.1(c), following the expiration of the four-month period succeeding the entry of a judgment of foreclosure, the Commissioner of Finance has an additional four months in which to record a deed transferring the property to the City or to a third party. See NYC Admin Code § 11-412.1(c). During that time, however:

3

> The *owner of said parcel shall continue to have all of the rights*, liabilities, responsibilities, duties and obligations *of an owner of such parcel*, including but not limited to, maintaining such parcel in compliance with the housing maintenance, building and fire codes, and all other applicable laws, unless and until the commissioner of finance has prepared and executed a deed conveying to the city or to a third party full and complete title to such parcel. Upon execution of such deed, the city or the third party shall be seized of an estate in fee simple absolute in such land….

NYC Admin Code § 11-412.1(c) (emphasis added). Additionally, the NYC Admin Code expressly provides for redemption of a property after the expiration of the redemption period and after the recording of a deed conveying the property to the City under sections 11-412.1(e) and 11-424(b) and (g).

9. The NYC Admin Code provides for continued equitable and legal ownership of a foreclosed property by the original owner unless and until the Commissioner of Finance causes a deed to be recorded thereby transferring the property to a new owner. Here, there is no dispute that no such deed was recorded.

10. The Supreme Court of New York, County of Kings, has found that where no deed has been executed transferring a foreclosed property to the City or a third party, the owner "continues to have all of its rights as an owner." In Rem Tax Foreclosure Action No. 53 Borough of Brooklyn, 2019 NY Slip Op 50434(U), ¶ 19, 63 Misc. 3d 1207(A) (Sup. Ct.).

11. Moreover, the Supreme Court of New York, County of Kings, has reasoned that section 11-412.1 provides that "prior to the execution of a deed in favor of either the City or a third party, the City has no legal basis for possession, occupancy, control or entry upon the property" and "the City gains ownership status only if the Commissioner of Finance ultimately transfers the deed to the property to the City. . . . " Wali v. City of N.Y., 2008 NY Slip Op 28411, ¶¶ 7-8, 22 Misc. 3d 478, 486-87, 866 N.Y.S.2d 528, 534-35 (Sup. Ct.) (deciding in the context of tort liability with respect to a foreclosed property for which no deed had been executed).

4

12. In advancing its argument that the Debtor was cut off of ownership of the Real Property prior to the Petition Date, the City ignores the plain text of section 11-412.1(c) of the NYC Admin Code and the cases cited above. Instead, the City cites cases that either do not cite the relevant portions of the NYC Admin Code or reject its plain terms without any substantive analysis. See, e.g., 51-53 West 129th Street, HDFC, Inc., 475 B.R. 391 (Bankr. S.D.N.Y. 2012) (no reference to the above quoted language); In re Sadie Haynes, 238 B.R. 146 (Bankr. S.D.N.Y. 2002) (no reference to the above quoted language); and In re 210 Roebling, LLC, 336 B.R. 172 (Bankr. E.D.N.Y. 2005) (no reference to the above quoted language); and In re 652 West 160th Street, 330 B.R. 463-4 (Bankr. S.D.N.Y. 2005) (rejecting the plain meaning of section 11-412.1(c) without analysis and relying solely on cases that do not reference the relevant language).

13. Under the City's view, the original owner of a property subject to an *in rem* tax foreclosure where no deed transferring the property was been recorded has no legal or equitable ownership in such property but is nonetheless charged with all of the rights, responsibilities, and liabilities of ownership. Given that an original owner expressly retains all rights attendant to property ownership under section 11-412.1(c), the City's position is unsupportable. It is at odds with the plain text of section 11-412.1(c) of the NYC Admin Code and the City's interpretation is inherently inequitable. Accordingly, this Court should rely on the plain text of section 11-412.1(c) of the NYC Admin Code and find that the Real Property is property of the Debtor's estate because the City never caused a deed transferring title to the Real Property to be recorded.

14. The City also relies on In re Rodgers, 333 F.3d 64 (2d Cir. 2003) for the proposition that the expiration of the time for redemption, like the fall of a hammer at a foreclosure sale, extinguishes an original owner's rights to a foreclosed property entirely. The Rodgers case is inapposite because the Monroe County *In Rem* Tax Foreclosure Act was the operative law, rather

than the NYC Admin Code and, unlike the NYC Admin Code, the Monroe County *In Rem* Tax Foreclosure Act provides for an <u>actual</u> <u>auction</u> <u>sale</u> and provides that such sales are subject to the same law as New York mortgage foreclosures, except as modified therein. <u>See</u> <u>Rodgers</u>, 333 F.3d at 66-67. Contrary to the City's assertion, <u>Rodgers</u> does not stand for the general proposition that the expiration of a redemption period in the tax foreclosure context has the same effect as the fall of a hammer at an auction sale for a mortgage foreclosure. Instead, <u>Rodgers</u> simply stands for the proposition that, pursuant to New York mortgage foreclosure law, an auction sale in an *in rem* tax foreclosure cuts off any legal or equitable title of an original owner in and to that property. <u>See</u> <u>Rodgers</u>, at 69.

15.     For these reasons and the reasons set forth the Sale Motion, the Court should find that the Real Property is property of the Debtor's estate and that the Trustee may be authorized to sell the Real Property, free and clear of all liens, claims, and encumbrances, pursuant to section 363(f) of the Bankruptcy Code, with such liens, claims and encumbrances to attach to the proceeds. The proceeds would be held in escrow subject to further Order(s) of the Court.

**WHEREFORE**, the Trustee respectfully requests that this Court overrule the City's Objection to the Sale Motion, and grant the relief requested in the Sale Motion.

Dated: September 20, 2019
       Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to Lori Lapin Jones, as Chapter 7 Trustee

                             By:    *s/ Gary F. Herbst*
                                     Gary F. Herbst, Esq.
                                     Jordan D. Weiss, Esq.
                                     3305 Jerusalem Avenue
                                     Wantagh, New York 11793
                                     Telephone: (516) 826-6500