# **EXHIBIT "2"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                             Chapter 7

1516 BEDFORD AVENUE HOUSING                               Case No. 18-45044 (NHL)
DEVELOPMENT FUND CORPORATION,

              Debtor.
---------------------------------------------------------------x

**ORDER APPROVING STIPULATION AND APPROVING THE SALE OF THE
DEBTOR'S REAL PROPERTY TO 1516 BEDFORD AVENUE LLC**

       Upon the motion ("Motion") of Lori Lapin Jones, the Chapter 7 Trustee ("Trustee") of the estate of 1516 Bedford Avenue Housing Development Fund Corporation ("Debtor"), seeking entry of an Order pursuant to 11 U.S.C. §§ 105 and 363 ("Bankruptcy Code") and Rules 6004(h) and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) approving a stipulation ("Stipulation") among the Trustee, the City of New York ("NYC"), the shareholders of the Debtor (collectively, "Shareholders"), and 1516 Bedford Avenue LLC ("Purchaser"), which is Exhibit "1" to the Motion; (ii) approving the sale of the Debtor's real property and the building and improvements thereon known as and located at 1516 Bedford Avenue, Brooklyn, New York, Block 1252, Lot 80 ("Property") to the Purchaser for the sum of $790,000 ("Purchase Price"), free and clear of any and all interests including, but not limited to, monetary liens, claims and encumbrances (collectively, "Liens"), but subject to the Stipulation and the agreements annexed thereto; and (iii) granting related relief; and no objections to the Motion having been filed; and upon the hearing conducted on September 30, 2020 ("Hearing"); and upon the record of the Hearing, the transcript of which is incorporated by reference herein; and no additional notice or hearing being required; and after due deliberation and good cause appearing therefor, it is hereby FOUND AND DETERMINED THAT:

1

A. The Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B. The matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N).

C. Venue in the district is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Proper, timely, adequate and sufficient notice of the Motion was provided in accordance with Bankruptcy Rules 2002, 4001 and 6004.

E. The Trustee has demonstrated that the Stipulation rises above the lowest level in the range of reasonableness and satisfies the requirements for approval.

F. The Shareholders of the Debtor are Mildred Williams, Edward Grey, Hassan Hussein and Germain Anthony.

G. The sale of the Property to the Purchaser is an arm's-length transaction entered into by the Trustee and the Purchaser without collusion, in good faith and from arm's-length bargaining positions.

H. The Purchaser is not an "insider," as that term is defined in section 101(31) of the Bankruptcy Code, of the Debtor or the Trustee.

I. The Purchaser is a good faith Purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to the full protections of section 363(m) of the Bankruptcy Code.

J. Except as specifically set forth in the agreements annexed to the Stipulation, the Trustee shall sell the Property to the Purchaser free and clear of any and all Liens, or adverse claims to title, of whatever kind or nature, because one or more of the standards set forth in section 363(f) of the Bankruptcy Code have been satisfied. Those holders of Liens against the Property

who did not object to the sale of the Property are deemed to have consented to the sale of the Property pursuant to section 363(f)(2) of the Bankruptcy Code, subject to the provisions of this Order.

K.     The Trustee has demonstrated that the sale of the Property to Purchaser for the Purchase Price is a reasonable exercise of the Trustee's business judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.     The Stipulation is approved in all respects.

2.     Pursuant to sections 363(b), (f) and (m) of the Bankruptcy Code, the Trustee is authorized and empowered to: (a) sell the Property to the Purchaser for the Purchase Price in accordance with the Stipulation; and (b) execute and deliver any and all documents as reasonably necessary to implement the terms of this Order and to close on the sale of the Property to the Purchaser.

3.     The Purchaser shall close title to the Property no later than November 16, 2020 ("Closing"), TIME BEING OF THE ESSENCE, although such Closing may be extended by the Trustee in her sole discretion.

4.     At the Trustee's sole discretion, the Closing shall take place virtually, by mail or at the offices of Trustee's counsel, LaMonica Herbst & Maniscalco, LLP.

5.     At the Closing, the Purchaser shall deliver the Purchase Price to the Trustee by official or bank check drawn on an account of the Purchaser (or from an escrow account of Purchaser's attorney with a representation from Purchaser's attorney that the funds were delivered into escrow by the Purchaser) made payable to "Lori Lapin Jones, Chapter 7 Trustee" or by wire from an account of the Purchaser (or from an escrow account of Purchaser's attorney) in immediately available federal funds.

6. The Trustee shall convey the Property to the Purchaser by delivery of a Trustee Deed.

7. The Property shall be conveyed to the Purchaser: (a) "AS IS" "WHERE IS", "WITH ALL FAULTS," without any representations, covenants, guarantees or warranties of any kind or nature whatsoever; (b) free and clear of any and all interests including, but not limited to, any and all Liens, with such Liens, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the entry of the Order for Relief against the Debtor <u>except as expressly provided in the Stipulation and the agreements annexed thereto</u>; and (c) subject to, among other things: (i) any state of facts that an accurate survey may show; (ii) any covenants, restrictions and easements of record; (iii) any state of facts a physical inspection may show; (iv) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (v) environmental conditions.

8. The Purchaser shall pay any and all costs and expenses in connection with the Closing related to obtaining a survey, fee title or mortgage insurance, title company endorsement, search and escrow charges, environmental, engineering or other inspections, appraisals, reports and other costs of due diligence.

9. The Purchaser shall be responsible for the preparation of any ACRIS forms, if required. The Trustee shall not be required to execute any form of title affidavit and all title exceptions customarily omitted from a title policy on account of such title affidavit shall be deemed permitted exceptions.

10. If the Trustee is unable to deliver the Property in accordance with this Order for any reason whatsoever, the Purchaser shall have no claim or recourse against the Trustee, her retained professionals and/or the Debtor's estate and shall have no further rights under this Order.

11. If the Purchaser closes on the sale of Property at any time on or after the entry of this Order, the parties shall be entitled to the protections of section 363(m) of the Bankruptcy Code, and the purchase of the Property by the Purchaser constitutes a good faith purchase for fair value within the meaning of section 363(m) of the Bankruptcy Code.

12. The sale of the Property approved by this Order is not subject to avoidance under section 363(n) of the Bankruptcy Code.

13. Each and every federal, state and local government agency or department is directed to accept any and all documents necessary and appropriate to consummate the sale of the Property outlined herein, and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording.

14. The Trustee is authorized and empowered to expend such funds and execute and deliver any and all documents as are reasonably necessary to: (i) implement the terms of this Order, (ii) effectuate the closing of title to the Property; (iii) make those payments set forth in the Stipulation from the proceeds of sale once the funds have cleared the Trustee's account; and (iv) pay and satisfy from the proceeds of sale once the funds have cleared the Trustee's account any and all costs of or relating to the sale and any taxes that may be due by the Chapter 7 estate without further Order of the Court.

15. The Court shall retain jurisdiction to: (a) interpret and construe and enforce the provisions of this Order and any ancillary documents in connection therewith; and (b) hear and determine any disputes arising under or related to the foregoing.

16. Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof.